UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LORIE TAYLOR,<br><br>      Plaintiff,<br><br>v.<br><br>PATIENT FINANCIAL SERVICES GROUP,<br><br>      Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:22-cv-02651<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** LORIE TAYLOR ("Plaintiff"), by and through his attorneys, complaining as to the conduct of PATIENT FINANCIAL SERVICES GROUP ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in the Southern District of Texas, Plaintiff resides in the Southern District of Texas, and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant is a third-party collection agency with its principal location of business at 2600 N Loop West, Suite 150 in Houston, TX 77092.

6. Defendant focusses its business on the collection of consumer debt owed or allegedly owed to Hospitals in the healthcare industry.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. On May 23, 2022, Defendant mailed or caused to be mailed a collection letter to Plaintiff ("collection letter"). *See* Exhibit A, a true and correct copy of the collection letter Defendant sent to Plaintiff dated May 23, 2022.

9. The collection letter was attempting to collect upon an allegedly defaulted balance of $3,263.86 originally owed to Houston Methodist ("subject debt").

10. The collection letter misleadingly states: "Your failure to send payment or to contact this office for an alternate arrangement only leads us to believe you do not intend to voluntarily honor your debt(s). Our commitment to our client is to provide professionally persistent communication in an effort to collect the amount you owe. In an effort to assist you in resolving your account, we have been authorized to extend you an offer to settle your account(s) as follows."

11. Defendant's settlement offer to Plaintiff was for $1,631.93.

12. The letter further states "Failure to take advantage of this settlement offer in the time allowed will result in further collection activity."

13. Nowhere in the collection letter does it state that Defendant is not obligated to renew the offer.

14. Defendant deliberately designed the collection letter to create a false sense of urgency and pressure Plaintiff into making a prompt payment on the subject debt to avoid missing out on the discounted payment offer.

15. Plaintiff was confused because the collection letter fails to state any time frame that the reduced balance is good for, instead just states "in the time allowed."

16. Furthermore, the collection letter failed to contain any disclaimers regarding any interest or fees that may ensue if the balance is not paid in a specific amount of time.

17. As such, the above-referenced representations are deceptive, misleading, and constitute unfair collection practices in violation of the FDCPA.

## DAMAGES

18. Defendant's wanton and malicious conduct has severely affected Plaintiff's life and well-being.

19. Plaintiff has expended time consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

20. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant is a "debt collector" as defined by §1692a(6) because their primary business is the collection of delinquent debts and they regularly collect debts and use the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because they acquired rights to the subject debt after it was in default 15 U.S.C. §1692a(6).

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

   a. **Violations of FDCPA § 1692e**

28. Defendant and collection letter violated 15 U.S.C. §§1692e and e(10) by falsely implying that the discounted payment offer was open for a limited amount of time when in reality it was open perpetually and was in no way unique to Plaintiff. Defendant used false, deceptive, and misleading means in connection to the alleged subject debt.

29. Notably, the Collection Letter did not contain judicially created safe harbor language pertaining to settlement offers by debt collectors such as "[w]e are not obligated to renew any offers provided," which was designed to balance the interests of consumers and debt collectors.

30. Defendant misleadingly neglected to provide Plaintiff with any information regarding an expiration of the offer of the reduced balance.

31. Additionally, Defendant failed to provide any information regarding potential fees and/or interests that may or may not be applied to the amount if Plaintiff failed to pay the outstanding amount in a specific timeframe.

    **b. Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated 15 U.S.C. §1692f when it unfairly sought to take advantage of Plaintiff by causing confusion, in effort to seek immediate payment of the subject debt.

34. As an experienced debt collector, Defendant knew or should have known the ramifications for its unfair and deceptive conduct.

35. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff, LORIE TAYLOR, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: August 8, 2022									Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*