UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LORIE TAYLOR,<br>Plaintiff,<br><br>V.<br><br>G&G ORGANIZATION, LTD., d/b/a PFS GROUP,<br>Defendant. | Case No. 4:22-cv-02651 |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

**1.   State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The parties conferred on January 17, 2023.

For Plaintiff:

Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
mdaher@sulaimanlaw.com

For Defendant:

Michael S. Poncin, Minn. Bar #296417
John P. Boyle, Minn. Bar #186946
MOSS & BARNETT
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5290
Mike.Poncin@lawmoss.com
John.Boyle@lawmoss.com

**2.   List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.   <u>Briefly</u> describe what the case is about.**

Plaintiff is seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692. On May 23, 2022, Defendant mailed or caused to be mailed a collection letter to Plaintiff ("collection letter"). The collection letter states: "Your failure to

1

send payment or to contact this office for an alternate arrangement only leads us to believe you do not intend to voluntarily honor your debt(s). Our commitment to our client is to provide professionally persistent communication in an effort to collect the amount you owe. In an effort to assist you in resolving your account, we have been authorized to extend you an offer to settle your account(s) as follows." The letter further states "Failure to take advantage of this settlement offer in the time allowed will result in further collection activity."  Plaintiff alleges the language is misleading, because nowhere in the collection letter does it state that Defendant is not obligated to renew the offer.  Plaintiff further alleges that Defendant deliberately designed the collection letter to create a false sense of urgency and pressure Plaintiff into making a prompt payment on the subject debt to avoid missing out on the discounted payment offer. Furthermore, Plaintiff claims that the collection letter failed to contain any disclaimers regarding any interest or fees that may ensue if the balance is not paid in a specific amount of time. As such, Plaintiff contends that the above-referenced representations are deceptive, misleading, and constitute unfair collection practices in violation of the FDCPA.

Defendant denies Plaintiff's claims and contends that its collection letter did not violate the FDCPA.  Further, Defendant argues that Plaintiff has failed to allege any injury in fact sufficient to give Plaintiff standing before this Court.

4. **Specify the allegation of federal jurisdiction.**

   This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None at this time.

7. **List anticipated interventions.**

   None at this time.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties anticipate the initial disclosures as required by Rule 26(a) will be served on or before February 17, 2023.

10. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   February 17, 2023.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiff anticipates issuing discovery requests to Defendant by July 17, 2023.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   Defendant anticipates issuing discovery requests within 21 days weeks of receiving a decision and order on its Motion to Dismiss.

   D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiff anticipates taking Defendant's Deposition and additional parties that Defendant may disclose in their discovery responses by August 21, 2023.

   E. **Of whom and by when the defendant anticipates taking oral depositions.**

   Defendant anticipates taking Plaintiff's deposition within 60 days of receiving a decision and order on its Motion to Dismiss.

   F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   N/A.

   G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

   N.A.

   H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

   N/A.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties do not anticipate any issues relating to the discovery plan. In the event there is a dispute, the parties will work amicably to resolve said issues.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can be reasonably completed.**

    7/17/2023.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties agree to conduct early settlement discussions.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiff will make a settlement demand to Defendant by January 23, 2023.  Defendant will respond to Plaintiff's settlement demand by January 25, 2023.

16. **From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    If the parties cannot resolve the case by their own efforts, they are amenable to utilizing mediation.

17. **Magistrate judges may now hear jury and non-jury trials.  Indicate the parties: joint position on a trial before a magistrate judge.**

    The parties do not consent to a magistrate judge in this case.

18. **State whether a jury demand has been made and if was made on time.\**

    A jury demand has been made timely by Plaintiff.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate a 2-day trial will be sufficient to hear this case.

4

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    The parties certify that the Disclosure of Interested Parties have been filed.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

| For Plaintiff: | For Defendant: |
|---|---|
| Marwan R. Daher, Esq.<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, IL 60148<br>Phone: (630) 575-8181<br>mdaher@sulaimanlaw.com | Michael S. Poncin, Minn. Bar #296417<br>John P. Boyle, Minn. Bar #186946<br>MOSS & BARNETT<br>150 South Fifth Street, Suite 1200<br>Minneapolis, MN 55402<br>Telephone: (612) 877-5290<br>Mike.Poncin@lawmoss.com<br>John.Boyle@lawmoss.com |

Dated January 17, 2023

Respectfully submitted,

/s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*

/s/ *Michael Poncin*
Michael S. Poncin, Minn. Bar #296417
MOSS & BARNETT
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5290
Mike.Poncin@lawmoss.com
*Counsel for Defendant*